MUTUAL ORANGE DISTRIBUTORS, PLAINTIFF IN ERROR, v. W. L. BLACK, ET AL., DEFENDANTS IN ERROR.*

Kansas City Court of Appeals.    April 5, 1926.

*Corpus Juris-Cyc References: Corporations, 14aCJ, p. 1260, n. 89.

*Stubbs & Wolfe* for plaintiff in error.

*Lebrecht & Leacy* for defendant in error.

BLAND, J.—This is an action to recover from defendants the sum of $690.45, with interest, the balance alleged to be due upon a carload of oranges sold and delivered by plaintiff to defendants. The answer, among other things, pleaded that plaintiff was a foreign corporation and had not taken out a license to do business within the State of Missouri, where it is alleged the sale took place. The answer did not state that plaintiff was a corporation organized for pecuniary profit, it is only such corporations as those organized for pecuniary gain that are required to take out a license to do business in this State. [Sections 9790 to 9794, inclusive, R. S. 1919.] The reply pleads that plaintiff is a corporation organized under the laws of the State of California as a non-profit corporation and not for gain or pecuniary profit. It seems that the court sustained the demurrer to the evidence on the ground that plaintiff came within the provisions of the laws of this State requiring foreign corporations to take out a license to do business and, especially, section 9793, Revised Statutes 1919, which provides that no corporation for "pecuniary profit" which shall fail to comply with sections 9790 to 9794, inclusive, "can

maintain any suit or action, either legal or equitable, in any of the courts of this State, upon any demand, whether arising out of the contract or tort" with a certain proviso not relevant to this case.

The evidence shows that plaintiff, Mutual Orange Distributors, is incorporated under the non-profit cooperative corporation laws of California and was organized for the purpose of business without profit. It—

"   . . .   operates as a definite selling organization that simply at the beginning of each year gets an estimate idea of what the cost of selling is going to be for the year. For instance, thirteen cents per hundred; and if they find in any year the cost of selling is less than that, the difference between the cost and the thirteen cents is rebated to the grower."

The stockholders are the growers of fruit and its business is "to market the crop for the growers at the actual cost."

The question, then, to be determined is as to whether plaintiff is organized for pecuniary profit within the meaning of said sections of our statute. Cooperative associations or corporations of the character involved here are of comparatively recent origin. We find upon examination that most of the statutes concerning agricultural or horticultural cooperative associations provide for similar methods of doing business. The statutes of California (see Kerr's Cumulative Supp. Ann., 1906, 1913, to Cyc. Codes of California, p. 972) on the subject, as does our statute (Laws of 1923, p. 111) refer to such corporations as "*non-profit* cooperative associations," and the statutes of the two States are similar in their provisions. The word "profit" or "pecuniary profit" has no definite meaning of general application, but are to be construed in reference to the particular facts and circumstances under which they are used. Our law concerning the formation of non-profit cooperative associations, passed after this suit was instituted, contains a definition of a "non-profit" association, which being a declaration of the law making body of this State upon the subject, is worthy of consideration. In view of the uncertainty of the meaning of the word "profit" or "pecuniary profit," we think that this definition should be followed, in the absence of any other authority on the subject in cases of this kind and in view of the fact that it covers a subject-matter exactly like the one before us. Section 1 of the Act, under the heading of "Defining terms used in act," provides—

" (e) Associations organized hereunder shall be deemed 'non-profit,' inasmuch as they are not organized to make profit for themselves, as such, or for their members, as such, but only for their members as producers." [Laws of 1923, p. 112.]

As indicating that the Legislature did not theretofore deem foreign corporations, such as the one involved in the case at bar, as coming

within the general statutes concerning the licensing of foreign corporations, it provided in section 22 of the Act (Laws of 1923, p. 120) that foreign corporations organized "under generally similar laws" should come within the provisions of the general law in reference to the licensing of foreign corporations to do business in this State.

From the foregoing it would appear that plaintiff is not a corporation for pecuniary profit within the meaning of section 9793, Revised Statutes 1919, and the court erred in sustaining the demurrer to the evidence.

The judgment is reversed and the cause remanded. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.